JENNER & BLOCK LLP
Vincent E. Lazar
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

Richard Levin
Carl N. Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>TS EMPLOYMENT, INC.,<br><br>                Debtor. | Case No. 15-10243 (MG)<br><br>Chapter 11 |
| JAMES S. FELTMAN, not individually but solely as chapter 11 trustee for TS EMPLOYMENT, INC.,<br><br>                Plaintiff,<br>v.<br><br>TRI-STATE EMPLOYMENT SERVICE, INC., TRI-STATE EMPLOYMENT SERVICES, INC., BROADWAY PEO, INC., CARUSSO STAFFING CORP., STS GROUP, INC., TRISTATE SC, INC., ODYSSEY ASSOCIATES, INC., TRI-STATE NORTH CAROLINA, INC., TSE-PEO, INC., ROBERT CASSERA, JOHN MESSINA, JAMES FOLEY and JOSEPH CASSERA,<br><br>                Defendants. | Adv. Proc. No. 17-1013 (MG) |

**PLAINTIFF'S MOTION FOR DEFAULT
JUDGMENT AGAINST CORPORATE DEFENDANTS**

Plaintiff James S. Feltman, not individually but solely in his capacity as chapter 11 trustee (the "Trustee" or "Plaintiff") of TS Employment, Inc. ("Debtor"), respectfully submits

this motion (the "Motion"), pursuant to Rule 55 of the Federal Rule of Civil Procedure, made applicable by Rule 7055 of the Federal Rules of Bankruptcy Procedure ("Bankruptcy Rules"), and Local Rule 7055-2 of the Local Rules for the Bankruptcy Court for the Southern District of New York ("Local Rules") for entry of a default judgment against Defendants Tri-State Employment Service, Inc. ("Tri-State"), Tri-State Employment Services, Inc., Broadway PEO, Inc., Carusso Staffing Corp., STS Group, Inc., Tri-State SC, Inc., Tri-State North Carolina, Inc., and TSE-PEO, Inc. (collectively with Tri-State, the "Corporate Defendants"), and states:

### Jurisdiction and Venue

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b).

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Trustee consents to the entry of a final order on this Motion by this Court.

3. This Court has jurisdiction over the parties pursuant to Federal Rule of Bankruptcy Procedure 7004(f).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

### Background

5. On January 31, 2017, the Trustee commenced this adversary proceeding by filing a Complaint under sections 544, 547, 548 and 550 of the Bankruptcy Code; sections 273, 276, 278 and 279 of the New York Debtor and Creditor Law; and Bankruptcy Rules 7064 and 7065. (Dkt. No. 1.) The adversary proceeding seeks a judgment avoiding and recovering hundreds of millions of dollars improperly transferred by the Debtor to or for the benefit of the Corporate Defendants, and declaring that Tri-State is legally responsible for all the debts and liabilities of the Debtor.

6. On February 1, 2017, the Clerk of the Court issued a Summons and Notice of Pretrial Conference in an Adversary Proceedings (the "Summons"). (Dkt. No. 2.)

7. On February 1, 2017, Plaintiff served the Summons and Complaint on the Corporate Defendants in accordance with Bankruptcy Rule 7004(b)(3), by mailing copies to the attention of an officer of each Default Defendant and to the registered service agent of each Default Defendant except TSE-PEO, Inc. (Dkt. No. 5.) On February 6, 2017, Plaintiff served the Summons and Complaint by mailing copies to the attention of the registered service agent of defendant TSE-PEO, Inc. (Dkt. No. 6.)

8. To date, no appearances have been filed on behalf of the Corporate Defendants.

9. The Corporate Defendants had until March 3, 2017 to answer or otherwise respond to the Complaint. To date, the Corporate Defendants have failed to respond to the Complaint or otherwise defend this adversary proceeding.

10. Upon Plaintiff's request, the Clerk of this Court certified and entered defaults against the Corporate Defendants in this case on April 19, 2017. (Dkt. Nos. 23–30.)

11. On September 28, 2017, the Court entered an order in the Debtor's bankruptcy proceeding approving a settlement with the defendants other than the Corporate Defendants. (TSE Dkt. No. 254.) Pursuant to the settlement, this adversary proceeding was dismissed as to the other defendants. (Dkt. No. 46.)

12. The Declaration of James S. Feltman in support of this Motion is attached hereto as Exhibit A.

**Relief Requested**

13. Rule 55 of the Federal Rules of Civil Procedure, made applicable here by Bankruptcy Rule 7055, "provides a 'two-step process' for the entry of a judgment against a party

3

that fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). "The first step, entry of a default, formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted liability to the plaintiff." *Id.* "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment." *Id.*

14. The Clerk of this Court has already entered defaults against the Corporate Defendants. By this Motion, the Trustee seeks the entry of an order in substantially the same form as that annexed hereto as Exhibit B (the "Default Judgment Order"), pursuant to Bankruptcy Rule 7055(b)(2), granting Plaintiff a judgment by default against the Corporate Defendants, and immediate entry of a judgment against the Corporate Defendants in substantially the same form as that annexed hereto as Exhibit C (the "Judgment").

15. As required by Local Rule 7055-2, the Clerk's entries of default are attached as Exhibit D, the Complaint is attached as Exhibit E, the Judgment is attached as Exhibit C, and a certificate of service is attached as Exhibit F.

16. Based upon the foregoing, Plaintiff respectfully submits that entry of the Default Judgment Order and Judgment is appropriate.

## Notice

17. Notice of this Motion and the opportunity for a hearing thereon shall be given to the Corporate Defendants at the addresses listed in the Certificates of Service. (Dkt. Nos. 5–6.)

## No Prior Relief

18. No prior application for the relief sought herein has been made to this or any other court.

WHEREFORE, the Trustee respectfully requests that this Court enter an Order in the form submitted with this Motion, granting default and final judgment against the Corporate Defendants, jointly and severally, in the amount of $90,783,130, plus pre- and post-judgment interest computed at the rate prescribed by 28 U.S.C. § 1961, fees, and costs.

Dated: New York, New York
       October 22, 2018

By: */s/ Vincent E. Lazar*

Vincent E. Lazar
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350
vlazar@jenner.com

Richard Levin
Carl Wedoff
JENNER & BLOCK LLP
919 Third Avenue
New York, New York 10022
(212) 891-1600
rlevin@jenner.com
cwedoff@jenner.com

*Attorneys for James S. Feltman,
Chapter 11 Trustee*