**Hearing Date and Time:** May 7, 2019 at 10:00 a.m. EDT
**Objection Deadline:** April 30, 2019

JENNER & BLOCK LLP
Vincent E. Lazar
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

Richard Levin
Carl N. Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600

*Attorneys for James S. Feltman, Chapter 11
  Trustee*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>TS EMPLOYMENT, INC.,<br><br>　　　　　Debtor. | Case No. 15-10243 (MG)<br><br>Chapter 11 |
| JAMES S. FELTMAN, not individually but solely as chapter 11 trustee for TS EMPLOYMENT, INC.,<br><br>　　　　　Plaintiff,<br>v.<br><br>TRI-STATE EMPLOYMENT SERVICE, INC., TRI-STATE EMPLOYMENT SERVICES, INC., BROADWAY PEO, INC., CARUSSO STAFFING CORP., STS GROUP, INC., TRISTATE SC, INC., ODYSSEY ASSOCIATES, INC., TRI-STATE NORTH CAROLINA, INC., TSE-PEO, INC., ROBERT CASSERA, JOHN MESSINA, JAMES FOLEY and JOSEPH CASSERA,<br><br>　　　　　Defendants. | Adv. Proc. No. 17-1013 (MG) |

**NOTICE OF HEARING ON PLAINTIFF'S RENEWED MOTION FOR DEFAULT
JUDGMENT AGAINST TRI-STATE EMPLOYMENT SERVICE, INC.,
TRI-STATE EMPLOYMENT SERVICES, INC., AND BROADWAY PEO, INC.**

On April 1, 2019, Plaintiff James S. Feltman, not individually but solely as chapter 11 trustee ("Trustee") for the bankruptcy estate of TS Employment, Inc. ("TSE" or the "Debtor"), through his counsel, filed a motion for default judgment (the "Motion") against Defendants Tri-State Employment Service, Inc., Tri-State Employment Services, Inc., and Broadway PEO, Inc.

The Court will hold a hearing ("Hearing") on the Motion on May 7, 2019 at 10:00 a.m. EDT before the Honorable Martin Glenn, United States Bankruptcy Court, Courtroom 523, One Bowling Green, New York, New York, 10004-1408.

Any response or objection ("Objections") to the Motion must be in writing, must conform to the Bankruptcy Rules and the Local Bankruptcy Rules for the Southern District of New York, must be (i) filed with the Bankruptcy Court (a) by attorneys practicing in the Bankruptcy Court, including attorneys admitted pro hac vice, electronically in accordance with General Order M-399 (which can be found at www.nysb.uscourts.gov) and (b) by all other parties in interest, on a CD-ROM, in text searchable portable document format (PDF) (with a hard copy delivered directly to Chambers), in accordance with the customary practices of the Bankruptcy Court and General Order M-399, and (ii) served on the Trustee's counsel, so as to be filed and received by the Bankruptcy Court and Trustee's counsel no later than April 30, 2019 (the "Objection Deadline").

If an Objection to the Motion is not received by the Objection Deadline, the Bankruptcy Court may enter an order granting the relief sought without further notice.

An objecting party must attend the Hearing, and failure to appear may result in relief being granted or denied upon default.

Dated: New York, New York
      April 1, 2019

By: */s/ Vincent E. Lazar*

Vincent E. Lazar
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350
vlazar@jenner.com

Richard Levin
Carl Wedoff
JENNER & BLOCK LLP
919 Third Avenue
New York, New York 10022
(212) 891-1600
rlevin@jenner.com
cwedoff@jenner.com

*Attorneys for James S. Feltman, Chapter 11 Trustee*

**Hearing Date and Time:** May 7, 2019 at 10:00 a.m. EDT
**Objection Deadline:** April 30, 2019

JENNER & BLOCK LLP
Vincent E. Lazar
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350

Richard Levin
Carl N. Wedoff
919 Third Avenue
New York, New York 10022
(212) 891-1600

*Attorneys for James S. Feltman, Chapter 11
 Trustee*

**UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re<br><br>TS EMPLOYMENT, INC.,<br><br>Debtor. | Case No. 15-10243 (MG)<br><br>Chapter 11 |
| JAMES S. FELTMAN, not individually but solely as chapter 11 trustee for TS EMPLOYMENT, INC.,<br><br>Plaintiff,<br>v.<br><br>TRI-STATE EMPLOYMENT SERVICE, INC., TRI-STATE EMPLOYMENT SERVICES, INC., BROADWAY PEO, INC., CARUSSO STAFFING CORP., STS GROUP, INC., TRISTATE SC, INC., ODYSSEY ASSOCIATES, INC., TRI-STATE NORTH CAROLINA, INC., TSE-PEO, INC., ROBERT CASSERA, JOHN MESSINA, JAMES FOLEY and JOSEPH CASSERA,<br><br>Defendants. | Adv. Proc. No. 17-1013 (MG) |

**PLAINTIFF'S RENEWED MOTION FOR DEFAULT JUDGMENT
AGAINST TRI-STATE EMPLOYMENT SERVICE, INC.,
<u>TRI-STATE EMPLOYMENT SERVICES, INC., AND BROADWAY PEO, INC.</u>**

# **TABLE OF CONTENTS**

**Jurisdiction and Venue**................................................................................................................ 1

**Background** ................................................................................................................................. 1

    **A.  Procedural History**......................................................................................................... 1

    **B.  The Debtor's Books and Records Reflect Substantial Outflows to the Default
           Judgment Parties.** ............................................................................................................. 4

**Relief Requested**.......................................................................................................................... 5

i

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*City of New York v. Mickalis Pawn Shop, LLC*,
   645 F.3d 114 (2d Cir. 2011) ................................................................................................5, 6

*Credit Lyonnais Sec. (USA), Inc. v. Alcantara*,
   183 F.3d 151 (2d Cir. 1999) .......................................................................................................6

*Curtis v. Perkins (In re Int'l Mgmt. Assocs., LLC )*,
   781 F.3d 1262 (11th Cir. 2015) .................................................................................................7

*D.H. Blair & Co. v. Gottdiener*,
   462 F.3d 95 (2d Cir. 2006) .........................................................................................................6

*In re Enron Creditors Recovery Corp.*,
   376 B.R. 442 (Bankr. S.D.N.Y. 2007) ...................................................................................7, 8

*In re McFadden*,
   471 B.R. 136 (Bankr. D.S.C. 2012) ...........................................................................................8

*Poulos v. City of New York*,
   No. 14-cv-3023, 2018 WL 3750508 (S.D.N.Y. July 13, 2018) .................................................8

*SIPC v. Bernard L. Madoff Inv. Sec. LLC*,
   592 B.R. 513 (Bankr. S.D.N.Y. 2018) ...................................................................................7, 8

**STATUTES**

28 U.S.C. § 157(b)(2) ..................................................................................................................1, 1

28 U.S.C. § 1334 ..............................................................................................................................1

28 U.S.C. § 1334(b) ........................................................................................................................1

28 U.S.C. § 1409(a) ........................................................................................................................1

28 U.S.C. § 1961 ........................................................................................................................10, 2

**OTHER AUTHORITIES**

Fed. R. Bankr. P. 7004(b)(3) ...........................................................................................................2

Fed. R. Bankr. P. 7055 ....................................................................................................................5

Fed. R. Bankr. P. 7055(b)(2) ................................................................................................... 9

Fed. R. Civ. P. 55 ...................................................................................................................... 5

Fed. R. Evid. 803(6) ........................................................................................................ 6, 7, 8

Fed. R. Evid. 803(6)(A) ............................................................................................................ 8

Fed. R. Evid. 803(6)(B) ............................................................................................................ 8

Fed. R. Evid. 803(6)(C) ............................................................................................................ 8

Fed. R. Evid. 803(6)(D) ............................................................................................................ 8

Fed. R. Evid. 901 ...................................................................................................................... 7

Fed. R. Evid. 901(b)(1) ............................................................................................................. 7

S.D.N.Y. Bankruptcy Rule 7055-2 ........................................................................................... 9

Plaintiff James S. Feltman, not individually but solely in his capacity as chapter 11 trustee (the "Trustee" or "Plaintiff") of TS Employment, Inc. ("Debtor"), respectfully submits this renewed motion for entry of a default judgment against Defendants Tri-State Employment Service, Inc. ("Tri-State"), Tri-State Employment Services, Inc. ("Tri-State S"), and Broadway PEO, Inc. ("Broadway PEO," and together with Tri-State and Tri-State S, the "Default Judgment Parties"), and states:

**Jurisdiction and Venue**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b).

2. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Trustee consents to the entry of a final order on this Motion by this Court.

3. This Court has jurisdiction over the parties pursuant to Federal Rule of Bankruptcy Procedure 7004(f).

4. Venue is proper in this District pursuant to 28 U.S.C. § 1409(a).

**Background**

**A. Procedural History**

5. On January 31, 2017, the Trustee commenced this adversary proceeding by filing a Complaint under sections 544, 547, 548 and 550 of the Bankruptcy Code; sections 273, 276, 278 and 279 of the New York Debtor and Creditor Law; and Bankruptcy Rules 7064 and 7065. (Dkt. 1.) The adversary proceeding seeks a judgment avoiding and recovering amounts improperly transferred by the Debtor to or for the benefit of the Defendants, and declaring that Tri-State is legally responsible for all the debts and liabilities of the Debtor.

6. On February 1, 2017, the Clerk of the Court issued a Summons and Notice of Pretrial Conference in an Adversary Proceedings (the "Summons"). (Dkt. No. 2.)

7. On February 1, 2017, Plaintiff served the Summons and Complaint on the Corporate Defendants in accordance with Bankruptcy Rule 7004(b)(3), by mailing copies to the attention of an officer of each Corporate Defendant[1] and to the registered service agent of each Default Defendant except TSE-PEO, Inc. (Dkt. 5.) On February 6, 2017, Plaintiff served the Summons and Complaint by mailing copies to the attention of the registered service agent of defendant TSE-PEO, Inc. (Dkt. 6.)

8. To date, no appearances have been filed on behalf of any of the Corporate Defendants.

9. The Corporate Defendants had until March 3, 2017 to answer or otherwise respond to the Complaint. The Corporate Defendants have failed to respond to the Complaint or otherwise defend this adversary proceeding.

10. Upon Plaintiff's request, the Clerk of this Court certified and entered defaults against the Corporate Defendants in this case on April 19, 2017. (Dkt. 23–30.)

11. On September 28, 2017, the Court entered an order in the Debtor's chapter 11 bankruptcy case approving a settlement with the defendants other than the Corporate Defendants. (TSE Dkt. 254.) Pursuant to the settlement, this adversary proceeding was dismissed as to the other defendants. (Dkt. 46.)

12. On October 22, 2018, the Trustee filed a motion for entry of judgment against each of the Corporate Defendants (Dkt. 47) ("Original Default Motion"). In support of the Original Default Motion, the Trustee submitted a declaration stating that TSE's books and records reflected a $90,783,130 intercompany general lender balance owed by Tri-State to the

---

[1] The Corporate Defendants are Tri-State, Tri-State S, Broadway PEO, Carusso Staffing Corp., STS Group, Inc., Tri-State SC, Inc., Tri-State North Carolina, Inc., and TSE-PEO, Inc.

Debtor on account of transfers made to or for the benefit of the Corporate Defendants (Dkt. 47-1).

13. At a November 7, 2018 hearing on the Original Default Motion, the Court questioned whether the Trustee's counsel had satisfied his evidentiary burden with respect to damages.

14. On November 29, 2018, the Trustee's counsel submitted a supplemental declaration (Dkt. 50), which attached, among other things, the Debtor's audited financial statements, the Debtor's unaudited balance sheets, and records of journal entries made by Irwin Kossoff.

15. On February 27, 2019, the Court issued the *Order Denying Default Judgment on Damages* (Dkt. 52) (the "Order"), finding the Trustee had not provided sufficient evidence to establish damages in the amount sought. *See* Order at 5. ("While the Trustee supplied a Supplemental Declaration and exhibits to support his damages calculation, the declaration relies on unauthenticated schedules and hearsay conclusions based on what others said or did."). The Order directed counsel to provide a status report explaining how counsel intended to proceed in this matter and to appear for a case management conference. *Id.*

16. On March 19, 2019, the Trustee's counsel submitted a letter to the Court (Dkt. 53), which explained counsel intended to address the authentication and hearsay issues identified in the Order through submission of a further declaration by the Trustee. At the March 26, 2019 case management conference, Trustee's counsel provided the Court with a copy of a second supplemental declaration of the Trustee, substantially in the form attached hereto (the "Second Supplemental Declaration"), setting forth a damages calculation against the Default Judgment Parties.

### B. The Debtor's Books and Records Reflect Substantial Outflows to the Default Judgment Parties.

17. Records of the Debtor's cash transactions were maintained using a Peachtree Accounting software platform. Second Supplemental Declaration, ¶ 15. These records were maintained by personnel from the Debtor's affiliate, Tri-State S, which was providing back-office accounting services to the Debtor. *Id.*

18. Contemporaneous with any cash transfer, Tri-State S personnel recorded a corresponding journal entry in the Peachtree Accounting system. *Id.* ¶ 16. The Trustee's professionals, at his direction, subsequently corroborated that these cash transfer journal entries matched the activities reported in bank statements issued by financial institutions where deposits and internal transfers were recorded. *Id.* ¶¶ 16, 24.

19. The Trustee has maintained, and continues to control, the data maintained in the Debtor's Peachtree Accounting system. *Id.* ¶ 17.

20. The Trustee's professionals generated reports from the Peachtree General Ledger application reflecting all cash transfers between the Debtor and Tri-State, Tri-State S, and Broadway PEO in the four years preceding the Debtor's chapter 11 bankruptcy filing (the "General Ledger Reports"). *Id.* ¶ 19 and Exs. A–C.

21. From February 1, 2011 through January 31, 2015, the Debtor made $2,602,975,310 in cash transfers to Tri-State S. Tri-State S made $2,465,944,967 in cash transfers to the Debtor during that period. The net cash transfers to Tri-State S during that period totaled $137,030,343. *Id.* ¶ 19 and Ex. A.

22. From February 1, 2011 through January 31, 2015, the Debtor made $109,200,708 in cash transfers to Tri-State. Tri-State made $11,024,296 in cash transfers to the Debtor during

4

that period. The Debtor's net cash transfers to Tri-State during that period totaled $98,176,412. *Id.* ¶ 19 and Ex. B.

23. From February 1, 2011 through January 31, 2015, the Debtor made $31,930,387 in cash transfers to Broadway PEO. Broadway PEO made no cash transfers to the Debtor. The Debtor's net cash transfers to Broadway PEO during that period totaled $31,930,387. *Id.* ¶ 19 & Ex. C.

24. The entries reflected in the General Ledger Reports were created contemporaneously with cash transfers to or from the Debtor and the Corporate Defendants, *id.* ¶ 20, were maintained in the ordinary course of the Debtor's business, *id.* ¶ 21, their recordation was a regular practice of the Debtor, *id.* ¶ 22, and substantially all of the Debtor's cash activity was documented in the General Ledger, *id.*

25. Based on the Trustee's operation of the Debtor's business following his appointment and his extensive investigation into the Debtor and its prepetition business operations, the Trustee can testify competently regarding the Debtor's business records and financial information, including how the Debtor's cash management and electronic general ledger system were maintained. *Id.* ¶ 11–17, 20–23.

## Relief Requested

26. Rule 55 of the Federal Rules of Civil Procedure, made applicable here by Bankruptcy Rule 7055, "provides a 'two-step process' for the entry of a judgment against a party that fails to defend: first, the entry of a default, and second, the entry of a default judgment." *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 128 (2d Cir. 2011) (quoting *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005)). "The first step, entry of a default, formalizes a judicial recognition that a defendant has, through its failure to defend the action, admitted

5

liability to the plaintiff." *Id.* "The second step, entry of a default judgment, converts the defendant's admission of liability into a final judgment." *Id.*

27. While a default generally is "an admission of all well-pleaded allegations against the defaulting party," *D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 107 (2d Cir. 2006), "allegations in the complaint with respect to the amount of the damages are not deemed true." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999). Accordingly, the trial court "must . . . conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Id.* (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.,* 109 F.3d 105, 111 (2d Cir. 1997)). The Court previously ordered that "[t]he Trustee is unquestionably entitled to the entry of a default judgment against each of [the Corporate Defendants]." Order at 2. Thus, the only issue before the Court is the amount of damages, and all other facts are deemed admitted.

28. In a fraudulent transfer action, the amount of damages generally is equal to the amount transferred by the debtor to the defendant, and therefore the Trustee needs to establish using admissible evidence the amounts of the transfers to the Defendants. The Second Supplemental Declaration attaches the General Ledger Reports, attests to their authenticity, and demonstrates that they were business records under Rule 803(6). The Debtor's net cash transfers of $137,030,343 to Tri-State S, $98,176,412 to Tri-State, and $31,930,387 to Broadway PEO reflected in the General Ledger Reports are proper measures of damages against the Default Judgment Parties for Counts VI and VII of the Complaint, which seek to avoid and recover actual and constructive fraudulent transfers under Bankruptcy Code sections 544(b)(1) and 550 and New York Debtor and Creditor Law sections 273, 278 and 279.

6

29. Federal Rule of Evidence 901 sets forth the requirements for authentication of evidence.[2] "The authentication burden is a 'light one.'" *SIPC v. Bernard L. Madoff Inv. Sec. LLC*, 592 B.R. 513, 524 (Bankr. S.D.N.Y. 2018) ("*BLMIS*") (quoting *Curtis v. Perkins (In re Int'l Mgmt. Assocs., LLC )*, 781 F.3d 1262, 1267 (11th Cir. 2015)). "The Court is not required to hear the testimony of the document's author to demonstrate its authenticity." *Id.* (citation omitted). A proponent can satisfy the rule with "circumstantial evidence of the authenticity of the underlying documents through the testimony of a witness knowledgeable about them." *Int'l Mgmt.*, 781 F.3d at 1267 (internal citations omitted); Fed. R. Evid. 901(b)(1). The Trustee is both knowledgeable about the Debtor's electronic general ledger system and is the custodian of the Debtor's records, and can testify to the authenticity of the General Ledger Reports.

30. Rule 803(6) excepts business records from the hearsay rule.[3] Business records are generally admissible where they are created "contemporaneous with the recorded event" and "maintained in the regular conduct of a business." *See In re Enron Creditors Recovery Corp.*, 376 B.R. 442, 454–55 (Bankr. S.D.N.Y. 2007). "The business records exception has been

---

[2] Rule 901 provides, in pertinent part: "(a) In General. To satisfy the requirement of authenticating or identifying an item of evidence, the proponent must produce evidence sufficient to support a finding that the item is what the proponent claims it is. (b) Examples. The following are examples only--not a complete list--of evidence that satisfies the requirement: (1) Testimony of a Witness with Knowledge. Testimony that an item is what it is claimed to be." Fed. R. Evid. 901(a)-(b)(1).

[3] Rule 803(6) of the Federal Rules of Evidence provides that the following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness: "A record of an act, event, condition, opinion, or diagnosis if (A) the record was made at or near the time by--or from information transmitted by--someone with knowledge; (B) the record was kept in the course of a regularly conducted activity of a business, organization, occupation, or calling, whether or not for profit; (C) making the record was a regular practice of that activity;' (D) all these conditions are shown by the testimony of the custodian or another qualified witness, or by a certification that complies with Rule 902(11) or (12) or with a statute permitting certification; and (E) the opponent does not show that the source of information or the method or circumstances of preparation indicate a lack of trustworthiness." Fed. R. Evid. 803(6).

7

construed generously in favor of admissibility, due to the general trustworthiness of regularly kept records and the need for this type of evidence in many cases." *BLMIS*, 592 B.R. at 528 (internal citation and quotation marks omitted). To be admissible under Rule 803(6), records "do not have to be actually created by the witness testifying to authenticate them, . . . nor do they even have to be created by the entity by which the witness is employed." *In re McFadden*, 471 B.R. 136, 160 (Bankr. D.S.C. 2012). "Rule 803(6) merely requires, for records to be admissible as business records, the witness must be familiar with the company's record keeping system." *Id.* (citation omitted). Testimony that establishes a witness's familiarity "with how [records] are obtained, modified, and stored" satisfies the rule. *Id.*

31.    The entries reflected in the General Ledger Reports are admissible business records under Rule 803(6). The entries were created contemporaneously with cash transfers to or from the Debtor and the Corporate Defendants. *See* Fed. R. Evid. 803(6)(A); Second Suppl. Decl. ¶ 20. The entries were maintained in the ordinary course of the Debtor's business. *See* Fed. R. Evid. 803(6)(B); Second Suppl. Decl. ¶ 21. Making records of cash transfers was a regular practice of the Debtor, and substantially all of the Debtor's cash activity was documented in the General Ledger. Fed. R. Evid. 803(6)(C); Second Suppl. Decl. ¶ 22. The Trustee, based on his operation of the Debtor's business following his appointment and his extensive investigation into the Debtor and its prepetition business operations, can competently testify to the foregoing. *See* Fed. R. Evid. 803(6)(D), Second Suppl. Decl. ¶¶ 11–17, 23. The Trustee's testimony demonstrates the General Ledger Reports are admissible business records which can be considered in the calculation of default damages. *See, e.g.*, *Enron Creditors Recovery Corp.*, 376 B.R. at 458 (admitting reports derived from general ledger records); *Poulos v. City of New York*, No. 14-cv-3023, 2018 WL 3750508, at *4 (S.D.N.Y. July 13, 2018) (considering business

8

records in calculation of default damages), *report and recommendation adopted*, 2018 WL 3745661 (S.D.N.Y. Aug. 6, 2018).

32. For the reasons set forth above, the Debtor's net cash transfers of $137,030,343 to Tri-State S, $98,176,412 to Tri-State, and $31,930,387 to Broadway PEO have been established using admissible evidence.

33. The Clerk of this Court has entered defaults against the Corporate Defendants. The Trustee seeks the entry of an order in substantially the same form as that annexed hereto as Exhibit B (the "Default Judgment Order"), pursuant to Bankruptcy Rule 7055(b)(2), granting Plaintiff a judgment by default against the Default Judgment Parties.[4]

34. Contemporaneous with this Motion, the Trustee is filing a notice of voluntary dismissal of his claims against the following Defendants: Carusso Staffing Corp., STS Group, Inc., Tristate SC, Inc., Tri-State North Carolina, Inc., and TSE-PEO, Inc.

## Notice

35. Notice of this Motion and the opportunity for a hearing thereon shall be given to the Default Judgment Parties at the addresses listed in the Certificates of Service. (Dkt. 5–6.)

## No Prior Relief

36. No prior application for the relief sought herein has been made to this or any other court.

---

[4] As required by Local Rule 7055-2, the Clerk's entries of default are attached as Exhibit C, the Complaint is attached as Exhibit D, the proposed form of default judgment order is attached as Exhibit B, and a certificate of service is attached as Exhibit E.

9

WHEREFORE, the Trustee respectfully requests that this Court enter an order in the form submitted with this Motion, granting default and final judgment against (i) Defendant Tri-State Employment Services, Inc. in the amount of $137,030,343, (ii) Defendant Tri-State Employment Service, Inc. in the amount of $98,176,412, and (iii) Defendant Broadway PEO, Inc. in the amount of $31,930,387, plus post-judgment interest computed at the rate prescribed by 28 U.S.C. § 1961.

Dated: New York, New York
      April 1, 2019

By:   */s/ Vincent E. Lazar*

Vincent E. Lazar
JENNER & BLOCK LLP
353 North Clark Street
Chicago, Illinois 60654
(312) 222-9350
vlazar@jenner.com

Richard Levin
Carl N. Wedoff
JENNER & BLOCK LLP
919 Third Avenue
New York, New York 10022
(212) 891-1600
rlevin@jenner.com
cwedoff@jenner.com

*Attorneys for James S. Feltman, Chapter 11 Trustee*